### KUMBERGER & VREELAND v. HARTFORD.

(Supreme Court, Appellate Term. March 5, 1908.)

CONTRACTS—ACTION FOR SERVICES—EVIDENCE—ADMISSIBILITY.

The issue was whether plaintiff had warranted certain results from his performance of work in altering defendant's engine, and, if so, whether the failure to obtain those results was due to the engine, to the electric plant which the defendant had himself supplied, or to the manner in which the defendant operated the engine. It was shown that the plant did not work properly, and that defendant substituted another engine and another dynamo. Held, that it was error to permit plaintiff to introduce evidence to show that the new dynamo was larger than the old one, as the rejection of the entire plant did not warrant an inference that defendant knew that the old dynamo would not work with a new engine.

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Kumberger & Vreeland against Edward V. Hartford. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

See 105 N. Y. Supp. 154.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Griggs, Baldwin & Pierce (Franklin Pierce, of counsel), for appellant.

John H. Taylor (W. E. Benjamin, of counsel), for respondent.

BISCHOFF, J.  The issue was whether the plaintiff had warranted certain results from its performance of work in altering the defendant's engine, and, if so, whether the failure to obtain those results was traced to the engine, or to the electric plant, which the defendant had himself supplied, or, again, whether the difficulty was due to the manner in which the defendant operated the engine.  It appears that the plant did not work properly, and that the defendant substituted another engine and another dynamo, thus abandoning the old operating plant altogether; but, over due objection, evidence was received for the plaintiff that the new dynamo was larger than the old—the theory of the reception of this evidence being, as stated by the justice:

"If the defect was in the plaintiff's machine, then all the defendant need do was to get another machine to operate that same dynamo; whereas, he did not use the machine or the dynamo.  The plaintiff may use such inference in arguing to the jury."

In our view, the evidence of these after happenings supported no permissible inference as to the condition of the engine, and the matter deemed to be deduced was but a violent surmise.  Had an engine been substituted to run the same dynamo, and the results were bad, the defect might still have been in the dynamo or the engine.  If the results were good, the improvement might suggest that the engine altered by the plaintiff had been at fault; but since no comparison whatever had been made, by taking either the dynamo or the engine with a new one, this ruling of the justice gave the plaintiff the benefit of an assumption that a new engine would have worked no better than the old with the same dynamo, and placed the defendant under the burden of disproving a supposed unfavorable result of a test which was never made, and which he was not under any possible duty of making.  To say that his rejection of the entire plant was an admission that he knew in some way that the old dynamo would not work with a new engine would require resort to bald conjecture, far removed from a reasonable inference; and because of the error thus committed, which must needs have affected the jury's determination of a material issue, a new trial should be had.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., concurs.

MacLEAN, J. (dissenting).  The ratiocination in the prevailing opinion is not clear to me.  "After happenings" were the subject of a good part of the testimony for the defense to show that the 10 horse power engine revamped by the plaintiff was inadequate.  The defendant's wife testified: "We have a fine engine down there now.  We have not had a bit of trouble with the lights."  She did not know the horse power.  The defendant himself, profuse in irresponsive utterances, much illumined the light conditions by volunteering: "I had a 20 horse power put in there."  He was evasive about the dynamo in the after equipment, of which he and his wife had related, until the court pinned him with: "How about the dynamo?"  He answered: "That was taken out."  Next the court asked: "You put a larger one in?"  And, coun-

sel objecting to this as "incompetent and immaterial; it has nothing
to do with the case what he put in afterwards"—the learned court ex-
plained the materiality, pointing out that putting in a new machine of
double horse power did not put blame upon the old machine, if another
dynamo were installed, saying:

"If the defect was in the plaintiff's machine, then all the defendant need do
was to get another machine to operate that same dynamo; whereas, he did
not use the machine or the dynamo. The plaintiff may use such inference in
arguing to the jury."

This seems no reversible error, since counsel for the plaintiff could
use the inference in arguing to the jury; for the inference was anni-
hilating of no small part of the testimony of the defendant and his
wife.

The judgment should be affirmed, with costs to the respondent.